## BRISTOW COMMERCIAL CLUB et al. v. BRISTOW GAS CO. et al.

No. 12148—Opinion Filed Dec. 6, 1921.

Rehearing Denied July 24, 1923.

(Syllabus.)

### Gas—Rate Regulation — Appeal — Orders of Corporation Commission — Presumptions.

On an appeal from an order of the Corporation Commission fixing the rate to be charged for gas furnished the inhabitants of a city, the presumption obtains, by reason of section 22, art. 9 of the Constitution, that the order is reasonable, just, and correct and where there is evidence in the record reasonably tending to support the findings of fact as to the value of the property used by the gas company, as a basis for determining what is a reasonable return on his investment, the order will not be disturbed by this court.

Appeal from order of the Corporation Commission.

Application of the Bristow Gas Company to the Corporation Commission for order increasing gas rate. Increase granted, from which the Bristow Commercial Club and Albert Kelly appeal. Order of the Corporation Commission affirmed.

Laux & Loefler and Thrift & Davenport, for appellants.

Lydick & Hood, for appellees.

NICHOLSON, J. On August 8, 1920, the Bristow Gas Company filed before the Corporation Commission of the state of Oklahoma, its application for increase of gas rates in the city of Bristow; on August 26, 1920, said application came on for hearing before Art L. Walker, chairman of the Corporation Commission, at Bristow. After taking testimony of three witnesses the hearing was continued, and afterwards, and on October 19, 1920, said matter came up for hearing before Mr. Walker, chairman of the Commission, at Bristow, at which hearing the testimony of Joe Abraham was taken; on November 19, 1920, the Corporation Commission made and entered its findings of fact, and order finding that the rates fixed by order of the Commission effective July 15, 1916, viz., for domestic gas 35 cents per 1,000 cubic feet, and for industrial gas 25 cents per 1,000 cubic feet for the first 100,000 cubic feet, 20 cents per 1,000 cubic feet for the first 300,000 feet, and 15 cents per 1,000 cubic feet for all in excess of 500,000 cubic feet, with a penalty of 10 per cent. on accounts not paid within 10 days after the rendition of bills, were insufficient, and finding and ordering that, effective October 1, 1920, the rates of said company for furnishing gas to the city of Bristow and community should be 60 cents per 1,000 cubic feet for the first 100,000 feet, 45 cents per 1,000 feet for the next 100,000 cubic feet, and 35 cents per 1,000 cubic feet for all over 200,000 cubic feet.

On February 14, 1921, the Bristow Commercial Club and Albert Kelly filed in said cause their petition to set aside said order, said petition reading as follows:

"Comes now petitioner, the Bristow Commercial Club, and prays this Honorable Commission to set aside, cancel and hold for naught, the order heretofore made, to wit on the 19th day of December, 1920, which granted respondent authority to place into effect an increased gas rate in the town of Bristow, for the following reasons, to wit:

"1. Section 1202, Revised Laws 1910, provides that, 'at any time a cause is set for hearing and a quorum of the Commission is not present at the time set for said hearing, any member thereof may adjourn the hearing to some future time, or said commissioner present may proceed to take the testimony, which shall be transcribed and submitted to the Commission before consideration thereof; said testimony so taken shall be submitted to the Commission at a time and place fixed by the commissioner taking the same.'

"Petitioner respectfully represents that the hearing held herein and pursuant to which the order referred to above was made, was heard by less than a quorum of the Commission. That the hearing conducted in the town of Bristow was conducted by Commissioner Walker. That a transcript of the evidence taken in said cause has never been made or submitted to the other members of this Commission for consideration; that no time or place for the consideration of such testimony has ever been fixed by any commissioner before whom said testimony was taken.

"Petitioner prays the Commission that respondent, Bristow Gas Company, be required to repay the gas users in the town of Bristow, all sums collected as a result of said order, in excess of the rate in effect at the time of its entry, and that upon further hearing herein that this petitioner be permitted to introduce further testimony as to the proper rate and charge which should be applied in the town of Bristow."

On March 1, 1921, the matter came on for hearing on said petition, and while there does not appear in the record any order of the Commission denying the prayer of the petition, we will assume that the Commission did in fact deny the relief sought, and will treat this appeal as though a final order had been made and entered.

The appellants first contend that the Corporation Commission erred in promulgating its order of November 19, 1920, for the reason that the evidence was wholly insufficient to authorize the findings of fact stated in said order.

The record shows that M. E. Durham, a valuation engineer, testified that he had made a valuation of the property of the Bristow Gas Company, and that the original cost, less depreciation, was $46,540.28, and from his report, which was introduced in evidence, it appears that the actual value of its property used in the conduct of its business was $52,098.60, to which was added $10,419.72, as the cost of organization, financing, interest, losses from operation, legal expenses, franchises, injuries during construction, tools, working capital,

etc., making a total of $62,518.32, which was the value fixed by the Commission as a reasonable basis for figuring the rate of income and depreciation which should accrue to the company.

Appellants insist that there is no evidence in the record justifying the use of the figures given, and say that if the figures shown in the record pertaining to the valuation of the plant had been adhered to, the original cost, less depreciation of $46,540.28 should have been taken, and the sum of $6,068.13, which was made up of organization expenses, engineering and superintendence, interest during construction, miscellaneous construction expenses, omission and contingencies, should have been deducted therefrom, which would leave the original cost, less depreciation, the sum of $40,472.15 and that this amount should have been taken as the valuation fixed as a basis for prescribing the rate.

Under section 22 of art 9 of the Constitution the action of the Commission appealed from shall be regarded as prima facie just, reasonable, and correct, and this presumption obtains until overcome or rebutted by the facts in the record. Atchison, T. & S. F. Ry. Co. v. State et al., 23 Okla. 210, 100 Pac. 11; United States Express Co. v. State et al., 47 Okla. 656, 150 Pac. 178.

The evidence of Mr. Durham shows the value of the plant to be that found by the Commission, and there was no evidence whatever offered by the appellants, but they content themselves with the argument that certain items of cost should be eliminated, but nowhere is any evidence found that the rates fixed are unreasonable. The appellants contend that an increase of 15 per cent. over the rates in existence when the petition for an increase was filed would be ample for every purpose, but they offered no evidence to that effect, and as there is some evidence in the record supporting the findings and order of the Commission, they are presumed to be just, reasonable, and correct.

It is next contended that the Corporation Commission erred in promulgating said order without complying with section 1202, Revised Laws of Oklahoma, which is as follows:

"At any time a cause is set for hearing and a quorum of the Commission is not present at the time set for said hearing, any member thereof may adjourn the hearing to some future time, or said commissioner present may proceed to take the testimony, which shall be transcribed and submitted to the Commission before consideration thereof; said testimony so taken shall be submitted to the Commission at a time and place fixed by the commissioner taking the same.'

It appears that the testimony taken at Bristow on October 18, 1921, before Chairman Walker was not transcribed at the time the order was made on November 19, 1920, and was not transcribed and filed with the secretary of the Corporation Commission until after appellants filed their petition seeking to set aside said order.

We have read the record and find that the only testimony taken at that hearing was that of Joe Abraham, and pertained only to gas available, and his ability to furnish the same. We can find nothing therein that was material or necessary to be considered by the Commission in arriving at the value of the plant, or in fixing the rates to be charge by the Gas Company, and the error of the Commission, if any, in promulgating its order of November 19, 1920, without first having had this testimony transcribed was harmless, and under the provisions of section 6005, Rev. Laws, 1910, the cause will not be reversed because of such alleged error.

The order of the Corporation Commission is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.